IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03826-RTG
**(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.)**

JHON KINSLEY DEPAS,

Petitioner,

v.

JUAN BALTAZAR, Denver Contract Detention Facility,
DAVID VENTURELLA,
GEORGE VALDEZ, and
MARKWAYNE MULLIN, DHS/ICE,

Respondents.

---

## ORDER TO FILE AMENDED HABEAS APPLICATION

---

Petitioner Jhon Kinsley Depas is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and paid the required filing fee. (*See* ECF No. 1).

The Court must construe the application liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Petitioner will be ordered to file an amended habeas application.

## Background

The application does not present a specific claim for relief, but it does include a one-page narrative explaining the basis for the case. The allegations will be quoted verbatim—and in their entirety—without correcting or identifying errors in spelling, grammar, formatting, or punctuation:

> I was detained illegally despite that I have a valid Visa and deprived of preparing for my case and I am still held in custody for over 6 month.
>
> 1. I went to ASC Center for Biometric appointment, and I was arrested there and detained indefinitely.
>
> 2. When I was arrested I have a valid Visa good till May 21st, 2026, but arrested and detained.
>
> 3. I was deprived of adequate preparation for my Asylum claim due to my unlawful incarceration.
>
> 4. I have been detained indefinitely without any remedy.

(*Id.* at 2 (alterations in brackets)). As relief, Petitioner seeks release from immigration custody. (*Id.* at 4).

## Pleading Issues

Petitioner's amended application must clearly allege the violation of a federal right. Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Habeas Rules 2(c)(1) and 2(c)(2), Petitioner must identify the specific

federal claim he is asserting, and he must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

In the amended application, Petitioner must provide a clear statement of the claims he is asserting, along with the facts supporting each claim. For example, Petitioner should include specific factual allegations explaining:

- his country of citizenship or birth;
- how and when he entered the United States, along with the circumstances of his initial encounter with immigration authorities;
- the date Petitioner's current immigration detention began and the total time he has been in custody;
- whether Petitioner has ever been afforded an individualized bond hearing before an immigration judge; if so, the date, outcome, and any bond amount set;
- whether he has ever been released to supervision, the conditions of that supervision, and the length of time he was on supervised release before it was revoked;

- the current status of his removal proceedings, including whether a final order of removal has been entered and, if so, whether his country of removal has agreed to accept him;
- compliance with any prior immigration requirements or court appearances
- the facts bearing on his ties to the community—such as family members residing in the United States, employment history, and length of residence—that are relevant to the flight-risk and danger assessments he challenges; and
- any other facts showing Petitioner would appear as required if released.

The amended habeas corpus application should include these background facts so the Court can determine whether his detention is unlawful and whether he is entitled to the relief being requested. Petitioner must therefore file an amended habeas application that clearly pleads a cognizable federal claim.

## CONCLUSION

Accordingly, it is

ORDERED that Petitioner shall have **thirty (30) days** from the date of this order to file an amended habeas application providing a clear statement of the federal claims he is asserting and the facts supporting those claims. Petitioner must include all claims and allegations in the amended habeas application. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the District of Colorado's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The form, along with the applicable instructions, can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that Petitioner must submit a single, completed application on a court-approved form as one document that contains all claims and allegations. Petitioner is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that if Petitioner fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED August 21, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge