IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-03826-PAB

JHON KINSLEY DEPAS,

Petitioner,

v.

JUAN BALTAZAR, Denver Contract Detention Facility,
DAVID VENTURELLA,
GEORGE VALDEZ, and
MARKWAYNE MULLIN, DHS/ICE,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Jhon Kinsley Depas' *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Docket No. 4. Respondents filed a response. Docket No. 11.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Haiti who entered the United States on May 22, 2024, under the Haitian Humanitarian Parole ("HHP") program and was lawfully paroled into the community. Docket No. 4 at 2. Petitioner has a pending asylum

---

[1] The following facts, which are set forth in the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Docket No. 1, and the amended petition, Docket No. 4, are undisputed unless otherwise noted.

application that was filed on December 2, 2025. *Id.* at 3. On January 15, 2026, petitioner attended a scheduled appointment for biometrics collection where he was taken into custody by Immigration and Customs Enforcement ("ICE") and is currently confined at an immigration detention facility in Aurora, Colorado. *Id.* According to petitioner, a Notice to Appear was issued on January 15, 2026

Petitioner asserts the following claims: (1) "[m]y continued immigration detention violates the Due Process Clause and/or the applicable detention statute because it is prolonged, indefinite, and has not been reviewed through an individualized bond determination, notwithstanding my pending administrative appeal. My indefinite detention beyond six (6) months is a violation of procedural due process"; and (2) "My prolonged, unlawful detention has deprived me of a meaningful opportunity to prepare my pending immigration appeal, in violation of due process." *Id.* at 2-3. For relief, petitioner asks the Court to order his immediate release, or in the alternative, an individualized bond hearing before an immigration judge at which the Government bears the burden of justifying his continued detention. *Id.* at 5.

In response to the amended petition, respondents state: "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 11 at 1.

## II. ANALYSIS

Construing his allegations liberally, petitioner claims he is being detained in violation of his federal due process rights. *See* Docket No. 4 at 2-3.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319 (1976), court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

The first factor weighs in favor of petitioner because a “person’s physical freedom is the most elemental of liberty interests.” *See Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted).

Relevant to the second factor is petitioner’s uncontested statement that, upon entering the United States on May 22, 2024, he was lawfully paroled into the community under the HHP program for Haitian immigrants. In releasing petitioner on parole, the immigration officials necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Given respondents’ failure to explain why petitioner’s parole was revoked or identify any change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, “there is a significant risk of the erroneous deprivation of petitioner’s liberty interest.” *See Alvis Lean Araque Salas v. David Venturalla, et al.,* No. 26-cv-03459-PAB, 2026 WL 2508220, at *1 (D. Colo. Aug. 26, 2026); *see also Ekenge*, 2026 WL 617341, at *5 (finding that the “risk of erroneous deprivation is also considerable” where “[i]t appears to be undisputed that Petitioner was previously released after it

was determined he was not a danger to the community or a flight risk”); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that “the risk of erroneous deprivation is considerable” where petitioner was previously released on his own recognizance and respondents “do not contest, that at the time of his detention, there had not been a material change in circumstances”) (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because “civil immigration detention, which is ‘nonpunitive in purpose and effect’ is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community,” “Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community,” and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). “A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual’s liberty interest.” *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, “the government clearly has an interest in enforcing immigration laws, but [the government’s] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low.” *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) (“It would stand to

reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty." *Araque Salas*, 2026 WL 2508220, at *2; *see also Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor also weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents do not contend otherwise, nor do respondents maintain that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's parole. While respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner," Docket No. 11 at 1-2, respondents do not explain why this relief is proper when respondents have failed to contest petitioner's allegations. Thus, the Court will grant the amended petition.

Petitioner requests an order for his immediate release, Docket No. 4 at 5, which the Court finds is the appropriate remedy. *See Araque Salas*, 2026 WL 2508220, at *2; *see also Perez-Cifuentes*, 2026 WL 1733489, at *3) ("As to the

appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

**III. CONCLUSION**

Therefore, it is

**ORDERED** that Jhon Kinsley Depas' amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner Jhon Kinsley Depas within **48 hours**. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within four days of the issuance of this order.

DATED October 8, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge